UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
THOMAS GESUALDI; LOUIS
BISIGNANO; ANTHONY PIROZZI;
DOMINICK MARROCCO; ANTHONY
D'AQUILA; FRANK FINKEL; JOSEPH
FERRARA; MARC HERBST; THOMAS
CORBETT; and DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282
Int'l Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                                  **MEMORANDUM & ORDER**

           Plaintiffs,

                                  11 CV 115 (RJD) (VMS)

       - against -

QUADROZZI EQUIPMENT LEASING
CORP. and AMSTEL RECYCLING &
CONCRETE CORP.,

           Defendants.
---------------------------------------------------------- x

DEARIE, District Judge

       Defendants Quadrozzi Corporation and Amstel Corporation move under Rule 60(b)(1) to vacate a default judgment entered against them on December 12, 2012. Defendants' motion, filed April 23, 2013, is untimely. A motion under Rule 60(b)(1) for relief from judgment based on "excusable neglect" must be "made within a reasonable time . . . and . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b)(1), (c)(1). "The one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired." 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2866 (2d ed. updated 2012); see also La Barbera v. Whitney Trucking, Inc., 245 F.R.D. 142, 145 (2007) (Rakoff, J.) (denying Rule 60(b) motion where

defendant first contacted plaintiff 4 months after default judgment and did not appear until 6 months later).

Defendants did not oppose plaintiffs' default motion; in fact, defendants did not appear until they filed this motion, four months after the Court entered judgment against them. Defendants' excuse—that the sibling officers of the defendant corporations each believed the other to be in charge of retaining counsel—does not justify their delay. Defendants have long had notice that a default judgment loomed. Any one of the following events should have alerted defendants to the need to prepare an opposition or concede the case:

- the Clerk's entry of default on January 31, 2012 (ECF # 15), which Catherine Quadrozzi (secretary and treasurer to both corporate defendants) admits receiving (Aff. Catherine Q., ¶ 26);
- plaintiffs' motion for default judgment, filed April 20, 2012 (ECF # 18), which Catherine and her brother John Quadrozzi both admit receiving and discussing (Aff. Catherine Q., ¶ 28; Aff. John Q., ¶¶ 2-3);
- and the default judgment itself, entered December 12, 2012 (ECF # 24).

Defendants' motion comes 26 months after service of the complaint; 15 months after the entry of default; 12 months after plaintiffs' default motion; and 4 months after this Court finally entered a default judgment. Cf. La Barbera, 245 F.R.D. at 145 (holding that motion filed 14 months after complaint and 11 months after default judgment was untimely). Enough is enough.

Even if defendants' delay were reasonable, I would deny their motion to vacate the default judgment on the merits. "[M]otions under Rule 60(b) should be granted only in 'extraordinary circumstances.'" New Angle Pet Products, Inc. v. Absolutelynew Inc., 2012 WL

5959984, at *2 (E.D.N.Y. Nov. 28, 2012) (Feuerstein, J.) (quoting Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012)). Courts consider whether the defaulting party acted willfully and whether setting aside the default will prejudice the non-movant. See La Barbera, 245 F.R.D. at 146 n.6. Here, defendants do little to contradict plaintiffs' argument that their default was strategic. Plaintiffs attach to their brief an email from Catherine Quadrozzi dated April 6, 2011—10 months before entry of default—that states defendants cannot afford counsel and "[i]f possible" may appear pro se. Whether defendants' delay is attributed to a change in strategy, or the sibling-officers' oversight, it does not reflect the "extraordinary circumstances" that warrant upsetting the default judgment. Finality, repose, and an end to this 2011 litigation favor plaintiffs.

For the reasons stated above, defendants' motion to vacate the default judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
July /4, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

3